# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

|  |  |
|---|---|
| PACIFIC RIM CAPITAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR JACKSON, an individual,<br><br>Defendant. | ) Civil Action No. 8:26-cv-1328-FWS-PD<br>)<br>) **PRELIMINARY INJUNCTION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

///

///

///

This case arises from a dispute between Plaintiff Pacific Rim Capital, Inc. ("PRC") and its former employee, Defendant Taylor Jackson ("Jackson"). On June 4, 2026, the court issued a Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction. (Dkt. 20.) Jackson filed a notice of non-opposition in response to the order to show cause. (Dkt. 23.) PRC did not file a reply. (*See generally* Dkt.)

The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. S*tuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Accordingly, for the reasons stated in the court's order granting PRC's application for a temporary restraining order (Dkt. 19), and considering Jackson's notice of non-opposition, the court hereby **ORDERS** that Jackson, his agents, servants, employees, partners, and entities, and any person acting in concert with him and any entity affiliated with him, are **RESTRAINED AND ENJOINED** pending trial of this action from:

    1.    Using, copying, or otherwise disseminating any of PRC's information regarding its client contacts, client accounts, existing leases, account playbooks, client preferences, client contacts, business strategies, prospective business leads, client proposals, contracts, pricing models, asset reports, and any other confidential or proprietary information obtained from PRC ("PRC Trade Secrets"), or from using, copying, or otherwise disseminating any document that is based on or was derived, in whole or in part, from any of the PRC Trade Secrets;

    2.    Destroying, removing, or concealing any documents or information in any medium, including documents or information stored on any

-1

computer or computer media or email or cloud storage accounts, obtained from or originating with PRC;

3. Spoliating, secreting, altering, or destroying any computer or computer media containing any information obtained from, or originating with, PRC.

Finally, the court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearing** set for **June 25, 2026**, (*see* Dkt. 25), is **VACATED** and **OFF CALENDAR**.

**IT IS SO ORDERED.**

Dated: June 23, 2026

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

-2