ELIZABETH H. LINDH, CASB No. 162660
elizabeth.lindh@kyl.com
PAULA ANDREA TRUCIOS, CASB No. 333503
andrea.trucios@kyl.com
KEESAL YOUNG & LOGAN
A Professional Corporation
The Waterfront at
Catalina Landing
310 Golden Shore, Suite 400
Long Beach, CA 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

Attorneys for Defendant
TAYLOR JACKSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| PACIFIC RIM CAPITAL, INC., a California Corporation,<br>Plaintiff,<br>vs.<br>TAYLOR JACKSON, an individual,<br>Defendant. | Case No. 8:26-cv-01328-FWS-PD<br>**DEFENDANT TAYLOR JACKSON'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant TAYLOR JACKSON ("Mr. Jackson" or "Defendant")) hereby answers Plaintiff's Complaint (ECF 1) (the "Complaint") as follows:

**GENERAL DENIALS**

Unless expressly admitted below, Defendant denies each and every allegation of the Complaint and denies all liability to Plaintiff.

Many paragraphs of the Complaint contain boilerplate statements of law and Plaintiff's opinions, which are not fact-based pleadings as required by Fed. R. Civ.

P. 8(a)(2). Those paragraphs are denied on that basis.

Defendant hereby answers Plaintiff's Complaint as follows:

## INTRODUCTION

1. By way of response to the allegations in Paragraphs 1, 2, and 3 of the Complaint, Defendant admits the allegations therein.

2. Paragraph 4 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

3. By way of response to the allegations in Paragraph 5 of the Complaint, Defendant admits the allegations therein.

4. By way of response to the allegations in Paragraph 6 of the Complaint, Defendant admits the allegations therein, but denies that he "committed the acts complained of."

5. By way of response to the allegations in Paragraph 7 of the Complaint, Defendant admits the allegations therein, but denies that "the acts giving rise to the claims asserted herein occurred."

6. By way of response to the allegations in Paragraph 8 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies the allegations.

7. By way of response to Paragraph 9 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations that "Since its founding in 1990, PRC has grown to become one of the largest independent providers of equipment leasing and finance solutions and has $2 billion in assets under management" and on that basis denies the allegations. Defendant admits the remaining allegations in Paragraph 9 of the Complaint.

8. Defendant admits the allegations in Paragraph 10 of the Complaint.

9. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 11 of the Complaint, and on that basis denies them,

except that Defendant admits that PRC had policies in place regarding confidentiality of certain information during his employment.

10. Defendant admits the allegations in Paragraph 12 of the Complaint.

11. Defendant admits the allegations in Paragraph 13 of the Complaint but denies that all of the information listed is "PRC's confidential and proprietary business information."

12. Defendant admits that he signed a letter on September 10, 2019 that contains the language quoted in Paragraph 14 of the Complaint and denies the remaining allegations.

13. By way of response to Paragraph 15 of the Complaint, Defendant admits that he signed employee handbook acknowledgements but lacks sufficient information or belief as to the contents of those handbooks.

14. By way of response to Paragraph 16 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations and on that basis denies them.

15. Defendant admits the allegations in Paragraph 17 of the Complaint, except that he lacks sufficient information or belief to admit or deny the allegations that he "was entrusted with High-value accounts covering a substantial portion of PRC's business portfolio" and on that basis denies those allegations.

16. Defendant admits the allegations in Paragraphs 18 and 19 of the Complaint.

17. By way of response to Paragraph 20 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

18. By way of response to Paragraph 21 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

19. By way of response to Paragraph 22 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

20. By way of response to Paragraph 23 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

21. By way of response to Paragraph 24 of the Complaint, Defendant denies that information relating to PRC's clients is not readily obtainable through public sources. As to the remaining allegations, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

22. By way of response to Paragraph 25 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

23. Paragraph 26 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

24. By way of response to Paragraph 27 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

25. By way of response to Paragraph 28 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

26. By way of response to Paragraph 29 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

27. By way of response to Paragraph 30 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

28. By way of response to Paragraph 31 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

29. Defendant denies the allegations in Paragraph 32 of the Complaint.

30. By way of response to Paragraph 33 of the Complaint, Defendant is without sufficient information and belief to admit or deny some of the allegations and on that basis denies them, but admits that CSI has generally been cooperative with PRC, that CSI instructed him not to use any PRC information and to destroy any PRC information that he maintained, that Defendant was apologetic and promised to cooperate with CSI's instructions and that he was placed on a three-month non-solicitation of PRC's clients' protocol.

31. By way of response to Paragraph 34 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

32. By way of response to Paragraph 35 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

33. By way of response to Paragraph 36 of the Complaint, Defendant is without information or belief regarding unsuccessful attempts to serve a letter on him, but admits the remaining allegations except that he does not recall agreeing to provide a written statement of his position.

34. By way of response to Paragraph 37 of the Complaint, Defendant admits the allegations.

35. By way of response to Paragraph 38 of the Complaint, Defendant admits receiving the May 7, 2026 communication and has since responded through counsel.

36. By way of response to Paragraph 39 of the Complaint, Defendant denies the allegations.

37. By way of response to Paragraph 40 of the Complaint, Defendant incorporates by reference its response to paragraphs 1-39.

38. Paragraph 41 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

39. By way of response to Paragraph 42 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

40. By way of response to Paragraph 43 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

41. By way of response to Paragraph 44 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

42. Paragraph 45 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

43. Paragraph 46 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

44. Paragraph 47 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

45. Paragraph 48 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

46. By way of response to Paragraph 49 of the Complaint, Defendant denies the allegations.

47. Paragraph 50 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

48. Paragraph 51 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

49. Paragraph 52 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

50. By way of response to Paragraph 53 of the Complaint, Defendant incorporates by reference its response to paragraphs 1-52.

51. By way of response to Paragraph 53 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

52. Paragraph 54 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

53. By way of response to Paragraph 55 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

54. By way of response to Paragraph 56 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

55. Paragraph 57 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57.

56. Paragraph 58 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

57. Paragraph 59 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

58. Paragraph 60 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60.

59. Paragraph 61 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61.

60. By way of response to Paragraph 62 of the Complaint, Defendant denies the allegations.

61. Paragraph 63 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

62. Paragraph 64 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

63. Paragraph 65 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

64. By way of response to Paragraph 66 of the Complaint, Defendant incorporates by reference his response to paragraphs 1-65.

65. By way of response to Paragraph 67 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and on that basis denies them.

66. Paragraph 68 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 68.

67. Paragraph 69 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

68. Paragraph 70 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

69. Paragraph 71 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 71.

70. By way of response to Paragraph 72 of the Complaint, Defendant denies the allegations.

71. Paragraph 73 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73.

72. Paragraph 74 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74.

73. Paragraph 75 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75.

74. Paragraph 76 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 76.

75. Paragraph 77 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77.

76. Paragraph 78 of the Complaint sets forth general legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78.

## AFFIRMATIVE DEFENSES

77. Defendant advances the following defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE

78. The Complaint fails to state a claim upon which relief can be granted as to each cause of action alleged.

### SECOND AFFIRMATIVE DEFENSE

79. Any loss, damage, or injury sustained by Plaintiff was not directly or proximately caused by any alleged breach or misappropriation as set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

80. Defendant acted at all times and in all respects in good faith, with due care, and did not engage in any conduct which would constitute a breach of duty or contract.

### FOURTH AFFIRMATIVE DEFENSE

81. The information Plaintiff alleges constitutes trade secrets does not meet the statutory definition of a trade secret under the Defend Trade Secrets Act, 18 U.S.C. § 1839, or the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1, because such information was not secret, was generally known or readily ascertainable by proper means, and/or did not derive independent economic value from not being generally known.

**FIFTH AFFIRMATIVE DEFENSE**

82. Plaintiff failed to take reasonable measures under the circumstances to maintain the secrecy of the purported trade secrets as required by 18 U.S.C. § 1839(3) and Cal. Civ. Code § 3426.1(d), thereby precluding trade secret protection.

**SIXTH AFFIRMATIVE DEFENSE**

83. Defendant did not acquire, use, or disclose any trade secrets by improper means, in breach of any duty to maintain secrecy, or in breach of any duty to limit use, and therefore did not misappropriate any trade secrets under 18 U.S.C. § 1839(5) or Cal. Civ. Code § 3426.1(b).

**SEVENTH AFFIRMATIVE DEFENSE**

84. To the extent Defendant possesses or uses any information similar to that claimed by Plaintiff, such information was independently developed by Defendant or derived from Defendant's general knowledge, skills, and experience in the industry.

**EIGHTH AFFIRMATIVE DEFENSE**

85. The information Plaintiff claims as trade secrets was publicly available, in the public domain, or readily ascertainable from public sources at all relevant times.

**NINTH AFFIRMATIVE DEFENSE**

86. Defendant's access to and use of any information during his employment was authorized and within the scope of his employment duties, and Defendant had a legitimate business purpose for accessing such information.

**TENTH AFFIRMATIVE DEFENSE**

87. The information and abilities Defendant possesses and uses constitute his general knowledge, skills, and experience acquired during his employment in the equipment leasing industry and do not constitute trade secrets subject to misappropriation claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

88. To the extent Plaintiff's claims seek to enforce contractual

provisions or to enjoin Defendant from pursuing his livelihood, such claims are unenforceable as unlawful restraints on trade under California Business and Professions Code § 16600 and California public policy favoring employee mobility.

**TWELFTH AFFIRMATIVE DEFENSE**

89. Plaintiff failed to implement and maintain adequate security measures to protect the purported trade secrets, including but not limited to providing access to information to employees without a demonstrated need to know, failing to mark documents as confidential, and failing to implement effective technical safeguards.

**THIRTEENTH AFFIRMATIVE DEFENSE**

90. Plaintiff has not suffered any actual damages, unjust enrichment, or other compensable harm as a result of any actions by Defendant, and therefore Plaintiff is not entitled to any monetary relief.

**FOURTEENTH AFFIRMATIVE DEFENSE**

91. Plaintiff failed to take reasonable steps to mitigate any alleged damages, and any damages claimed by Plaintiff should be reduced by the amount that could have been avoided through reasonable mitigation efforts.

**FIFTEENTH AFFIRMATIVE DEFENSE**

92. Defendant did not engage in any willful and malicious conduct, and therefore Plaintiff is not entitled to exemplary damages, punitive damages, or attorneys' fees under 18 U.S.C. § 1836(b)(3)(C)-(D) or Cal. Civ. Code §§ 3426.3(c), 3426.4, or 3294.

**SIXTEENTH AFFIRMATIVE DEFENSE**

93. Defendant did not breach any valid and enforceable contract with Plaintiff, and any contractual provisions Plaintiff seeks to enforce are void, unenforceable, or inapplicable to Defendant's conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

94. Any contractual provisions Plaintiff seeks to enforce were not

supported by adequate consideration and are therefore unenforceable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

95. Any contractual provisions Plaintiff seeks to enforce are illegal, unconscionable, against public policy, or otherwise unenforceable under California law.

**NINETEENTH AFFIRMATIVE DEFENSE**

96. Plaintiff waived any right to assert the claims alleged in the Complaint through its conduct, statements, or course of dealing with Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

97. Plaintiff is estopped from asserting the claims alleged in the Complaint by its conduct, representations, or course of dealing with Defendant upon which Defendant reasonably relied to his detriment.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

98. Any alleged harm to Plaintiff was caused, in whole or in part, by Plaintiff's own actions, omissions, or negligence, including but not limited to Plaintiff's failure to implement adequate security measures and failure to properly train and supervise employees.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

99. Any alleged harm to Plaintiff was caused by intervening and superseding causes beyond Defendant's control and for which Defendant is not responsible.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

100. Plaintiff has not suffered and will not suffer irreparable harm, and therefore Plaintiff is not entitled to injunctive relief because adequate remedies at law are available.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

101. Any injunctive relief sought by Plaintiff is overbroad, vague, unduly burdensome, and would constitute an improper prior restraint on Defendant's ability to earn a livelihood in violation of California public policy.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

102. The injunctive relief sought by Plaintiff would impose an undue hardship on Defendant that outweighs any alleged benefit to Plaintiff, and the balance of hardships favors denying injunctive relief.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

103. Plaintiff cannot demonstrate a likelihood of success on the merits of its claims, and therefore Plaintiff is not entitled to preliminary or permanent injunctive relief.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

104. Granting the injunctive relief sought by Plaintiff would be contrary to the public interest in employee mobility and competition.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

105. To the extent Plaintiff's state law claims seek relief that conflicts with or is preempted by federal law, including the Defend Trade Secrets Act, such claims are preempted and must be dismissed.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

106. The claim of misappropriation is made in bad faith, and as such Defendant is entitled to an award of reasonable attorneys fees under the 18 U.S.C. § 1836(b)(3)(D).

**THIRTIETH AFFIRMATIVE DEFENSE**

107. Defendant reserves the right to assert additional affirmative defenses as may be revealed through discovery or as may be appropriate based on further investigation and legal analysis.

**PRAYER FOR RELIEF**

WHEREFORE, Taylor Jackson respectfully requests judgment in his favor, that Plaintiff recover nothing on its Complaint, and that Defendant is entitled to recover attorney’s fees and costs of suit pursuant to 18 U.S.C. § 1836(b)(3)(D).

DATED: July 15, 2026

**s/Elizabeth H. Lindh**
ELIZABETH H. LINDH
PAULA ANDREA TRUCIOS
KEESAL YOUNG & LOGAN
Attorneys for Defendant
TAYLOR JACKSON
E-mail: elizabeth.lindh@kyl.com